IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RICHARD A. NEWTON,**

    **Plaintiff,**

**v.**                                                                                       Civil Action No. 3:22cv122

**D.A. BOWLER,**

    **Defendant.**

## MEMORANDUM OPINION

Richard A. Newton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The Court construes Newton to raise the following claims for relief:[2]

    Claim One:    Defendant Bowler used excessive force against Newton in violation of the Eighth Amendment.[3] (ECF No. 1, at 4.)

    Claim Two:    Defendant Bowler committed "assault and battery" under state law. (ECF No. 1, at 4.)

By Memorandum Opinion and Order entered on December 16, 2021, the Court dismissed these same claims without prejudice because Newton had failed to exhaust his administrative

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

remedies. *See Newton v. Bowler*, No. 3:20cv194, 2021 WL 5985567, at *1 (E.D. Va. Dec. 16, 2021).[4] Defendant Bowler has moved to dismiss on the ground that Newton has still failed to exhaust administrative remedies. (ECF No. 17, at 8.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Newton has not responded.

## I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must

---

[4] The prior action had three claims. Newton's prior Claim Two was against a Defendant Wilson. Newton does not bring that claim here.

2

allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. The Court's Prior Opinion

Defendant Bowler once again argues that Newton failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendant Bowler bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the December 21, 2021 Memorandum Opinion, the Court explained as follows:

### A. Grievance Procedure at the Virginia Department of Corrections ("VDOC")

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Jackson Aff. ¶ 4.) Offenders receive an orientation to the grievance procedure system when they arrive at a VDOC facility. (Operating Procedure § 866.1.IV.A.4.) Operating

3

Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (*Id.* § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) Inmates must "provide specific information and details when submitting a complaint by providing dates, times, names of staff, and details about what occurred . . . . so that staff can attempt to resolve the complaint." (Jackson Aff. ¶ 7.) "[I]f an inmate files a complaint against staff, but doesn't provide the names of staff against whom he has filed a complaint, that does not give the facility the opportunity to talk to whoever was involved . . . ." (*Id.*) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

The regular grievance form asks the offender to specifically identify the "Individuals Involved in Incident," amongst other details. (*See* ECF No. 41–1, at 27.) "The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint or other documentation demonstrating his or her attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. **Grievance Intake Procedure**

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.) The Regional Ombudsman may: 1) uphold the intake decision; 2) return the intake decision to the offender because it exceeds the five day time limit for review; or 3) determine that the grievance meets the criteria for intake and return it to the Warden for logging. (Jackson Aff. ¶ 28.) The Regional Ombudsman's decision on the intake appeal is final. (*Id.*) "If a Regular Grievance does not meet the criteria for acceptance and review by the Regional Ombudsman

4

does not result in intake into the grievance process, the issue must be resubmitted in accordance with the criteria for acceptance." (Operating Procedure § 866.1.IV.O.) Moreover, "[t]he exhaustion of remedies requirement will be met only when the Regular Grievance has been accepted into the grievance process and appealed through the highest eligible level without satisfactory resolution of the issue." (*Id.*)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

"Grievances must be appealed through all available levels of review to satisfy the requirement of exhaustion . . . ." (Jackson Aff. ¶ 6.)

### B. Facts Pertaining to Newton's Exhaustion of Administrative Remedies

On July 17, 2019, Newton filed an informal complaint related to an incident that occurred on July 16, 2019, stating in sum: "I want to file formal charges of assault and battery by an officer per the incident that occurred on 7-16-19 . . . against Sgt. Bowler." (ECF No. 41–1, at 23.) A prison official responded on July 26, 2019, stating: "Mr. Newton, I sent you criminal complaint forms on 7-26-19." (*Id.*)

On July 31, 2019, Newton submitted three informal complaints. In the first, he stated: "This is my complaint for the institution that I was assaulted and battered by Sgt. Bowler. This in violation of my rights." (*Id.* at 24.) On August 2, 2019, prison officials responded to Newton that "the[re] is no evidence to support your allegation." (*Id.*) In the second informal complaint Newton alleged: "Sgt. Bowler wrote me a bogus charge of aggravated assault to cover up his assault of me, causing me to be in the hole (N205) for approx. 10 days. I was found not guilty due to staff witnesses and video surveillance. This in violation of my rights!" (*Id.* at 25.) On August 5, 2019, a prison official responded: "You were placed in Restrictive Housing until your Aggravated Assault (105) was heard [and] disposition rendered." (*Id.*) Finally, in the third informal complaint, Newton stated: "This complaint is for the excessive use of force which I suffered from Sgt. Bowler. This in violation of my rights." (*Id.* at 26.) A prison official responded, noting that Newton's informal complaint was "repetitive." (*Id.*) Filing informal complaints does not satisfy the exhaustion requirement. (Jackson Aff. ¶ 16.)

5

Newton filed one regular grievance, on August 1, 2019, with respect to the incident on July 16, 2019. Specifically, Newton identified only "Bowler," on the regular grievance form where it asked him to set forth the "Individuals Involved in Incident." (ECF No. 41–1, at 27.) Newton wrote:

> Bowler used excessive force on me while I was handcuffed and helpless. It has been determined by the Hearings Officer Witcher that I was at all time in compliance and Bowler's actions were unnecessary and caused two black eyes. Video captured this assault and there are photographs. . . . I will be seeking damages and Bowler should face disciplinary action.

(*Id.*) In response, prison officials noted that the regular grievance was rejected because Newton had "not used the informal process to *resolve* [his] complaint." (*Id.* at 28.) Pursuant to Operating Procedure § 866.1.VI.A.2.a., Newton was required to attach documentation to his regular grievance to show that he attempted to informally resolve the issue. (Jackson Aff. ¶ 26.)[5] Here, Newton was required "to attach his informal complaint when he submitted his regular grievance. He did not do this. As a result, [grievance officials] did not assign a log number to the grievance and returned it to Newton and notified him of the reason the regular grievance was rejected." (*Id.*) The filing of a regular grievance that does not meet intake requirements and is not processed or assigned a log number does not satisfy the exhaustion requirement. (*Id.* ¶ 31.)

"If Newton believed the rejection of regular grievance was in error, he had the opportunity to appeal the intake decision by submitting it to the Regional Ombudsman." (*Id.* ¶ 29.) However, simply appealing the intake decision does not satisfy the exhaustion requirement. (Operating Procedure § 866.1.IV.O.) Based on the grievance records, "Newton did not request a review of the intake decision regarding his rejected regular grievance." (Jackson Aff. ¶ 30.)

. . . .

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue

---

[5] The face of the regular grievance form also instructs inmates that they must attach the informal complaint response or other documentation of an attempt to resolve the issue informally. (*See* ECF No. 41–1, at 27.)

6

the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The record establishes that Newton failed to exhaust his administrative remedies. . . .

With respect to Claims One and Three, although Newton filed a regular grievance, it was rejected because he failed to attach his informal complaints that demonstrated that he attempted to resolve the issue informally. Newton did not resubmit his regular grievance with an informal complaint attached. Newton also did not request review of the intake decision by the Regional Omsbudsman.[6] Neither Newton's informal complaints, nor his informal grievance rejected on intake, satisfy the exhaustion requirement. Newton failed to comply with the VDOC's procedural rules and thus, his complaint could not be addressed on its merits as is required for proper exhaustion. *Woodford*, 548 U.S. at 90 (emphasis in original) (explaining that an inmate must use administrative remedies "*properly* (so that the agency addresses the issues on the merits)."). Newton has failed to exhaust

---

[6] In a Response to the original Motion for Summary Judgment, Newton vaguely suggested that at the time he filed his grievance he was held in a "transition pod," and he "had to rely on staff for depositing mail in the correct box and I never received any response back from the regional ombudsman after trying to appeal." (ECF No. 28, at 2.) As previously discussed, the contents of Newton's Response fail to constitute admissible evidence. Thus, Newton fails to provide admissible evidence that he submitted an appeal. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted) (concluding that "[a]iry generalities [and] conclusory assertions . . . [do] not suffice to stave off summary judgment . . .") However, even considering this allegation, Newton's alleged attempt to appeal the rejection of the intake decision fails to satisfy the exhaustion requirement. (Jackson Aff. ¶ 29; Operating Procedure § 866.1.IV.O.)

In his unsworn response to the Renewed Motion for Summary Judgment, Newton, in his conclusion, states: "petitioner will swear under oath and produce records showing he placed grievance in the institutional mailing system on August 9, 2019." (ECF No. 43, at 4.) Newton was required to respond to the Renewed Motion for Summary Judgment with evidence that supports his arguments, and he did not. Moreover, Newton fails to explain why placing a grievance in the institutional mailing system standing alone would exhaust his administrative remedies.

7

his administrative remedies with respect to Claims One and Three. Accordingly, Claims One and Three will be DISMISSED WITHOUT PREJUDICE. *See Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

*Newton*, 2021 WL 5985567, at *3–5.

### IV. Analysis

Little discussion is needed here because the record reflects that Newton has not exhausted his administrative remedies in the proper manner. As explained above, Newton submitted a regular grievance on August 1, 2019. *Newton*, 2021 WL 5985567, at *4. In response, prison officials noted that the regular grievance was rejected on intake because Newton had "not used the informal process to *resolve* [his] complaint." *Id.* As explained previously, to exhaust his administrative remedies, Newton had two options. Newton was required, within thirty (30) days of the July 16, 2019 incident, to submit a grievance that met intake criteria by resubmitting his grievance with his informal complaints attached (Operating Procedure § 8661.VI.A.1), or instead, to seek a review of the intake decision, by sending the grievance form to the Regional Ombudsman within five calendar days of receipt. (Operating Procedure § 866.1.VI.B.5.)

In his Complaint, Newton indicates that he filed a grievance "[t]o the Institutional Ombudsman on 1-6-22" and it was "denied for late filing, must file grievance within 30 days of original incident or discovery of." (ECF No. 1, at 3.) Newton also indicates that he filed an appeal, and next to "Result of appeal" indicates that "Regional Ombudsman is holding appeal for unknown reasons which is also being grieved." (ECF No. 1, at 3.) Newton clearly did not resubmit his grievance with the informal complaint attached within thirty days of the July 16, 2019 incident. Newton clearly also did not seek a review of the intake decision, by sending the grievance form to the Regional Ombudsman within five calendar days of receipt. (*See* Operating Procedure § 866.1.VI.B.5.) Instead, Newton's appeal of the intake decision on January 6, 2022,

8

was untimely because it was filed two a half years after his rejected grievance in August of 2019. For the foregoing reasons, Newton has failed to exhaust his administrative remedies.

Although the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice, *see, e.g., Booth*, 532 U.S. at 735, dismissal with prejudice may be appropriate "where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *see Van Houten v. Marlett*, 330 F. App'x 161, 162–63 (10th Cir. 2009). Here, the thirty-day time limit for filing any relevant grievance or the five-day period for appealing the intake decisions has long since expired. Consequently, Newton's claims against Defendant Bowler will be DISMISSED WITH PREJUDICE.

## V. Conclusion

For the reasons stated above, the Motion to Dismiss (ECF No. 16) will be GRANTED. Newton's claims will be DISMISSED WITH PREJUDICE for failure to exhaust his administrative remedies. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12/19/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

9